UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:25-cr-00220-KES-1 |
| Appellee, | |
| v. | ORDER DISMISSING APPEAL |
| BONNIE MACINNIS SEEBERGER, | Doc. 15 |
| Appellant. | |

Bonnie Macinnis Seeberger, represented by counsel, appeals from the judgment of conviction and sentence imposed on him by a United States Magistrate Judge on November 4, 2025, pursuant to Federal Rule of Criminal Procedure 58(g)(2). Doc. 15. For the reasons set forth below, this misdemeanor criminal appeal is dismissed.

On November 21, 2025, the Court issued a briefing schedule for this appeal and set a deadline for appellant to file the appropriate transcript or a certificate stating that no transcript will be ordered, consistent with Local Rule 422.[1] Doc. 16; L.R. 422. After the deadline passed without action from appellant, the Court issued an order on May 26, 2026, directing appellant,

---

[1] Local Rule 422 governs appeals from convictions by a magistrate judge and provides that within "fourteen (14) days after filing the notice of appeal the appellant shall order the official transcript, as prescribed by Fed. R. App. P. 10(b), or file a certificate stating that no transcript will be ordered." L.R. 422. For appellants ordering the official transcript, Federal Rule of Appellate Procedure 10(b) provides in relevant part that "the appellant must, within the same [fourteen-day] period, file a copy of the order with the district clerk." Fed. R. App. P. 10(b)(1)(A)(iii).

1

within fourteen days, to show cause why this misdemeanor criminal appeal should not be dismissed.  Doc. 17.  The Court's order permitted appellant to "avoid dismissal by filing, within the same 14-day period, the appropriate transcript or a certificate that no transcript will be ordered."  *Id.*  Appellant was also specifically warned that failure to timely respond to the Court's order "will result in dismissal of this appeal without further notice."  *Id.*  Appellant has not responded to the Court's order to show cause and the deadline to do so has passed.  *See* docket.

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (failure to obey court order); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (lack of prosecution and failure to comply with local rule); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (lack of prosecution).  Local Rule 110 provides:  "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  L.R. 110.

In determining whether to dismiss this criminal appeal as a sanction, the Court considers "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *see also United States v. Gallegos*, No. 1:22-CR-0021-KJM-JDP (P), 2025 WL 2624158, at *1 (E.D. Cal. Sept. 11, 2025) (applying factors in a criminal matter), *report and recommendation adopted*, No. 1:22-CR-0021-KJM-JDP (P), 2025 WL 2879282 (E.D. Cal. Oct. 9, 2025).

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  Because appellant has stalled this

2

appeal by failing to file the appropriate transcript or a certificate stating that no transcript will be ordered, the third factor also supports dismissal.  Although public policy generally weighs against dismissal, it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  Finally, the Court's warning that this appeal would be dismissed if appellant failed to timely respond satisfies the requirement of considering alternative sanctions.  *Ferdik*, 963 F.2d at 1262.

Accordingly, this appeal is DISMISSED for failure to prosecute, failure to obey a court order, and failure to comply with the Local Rules.  The Clerk of the Court is directed to close this appeal.

IT IS SO ORDERED.

Dated:    June 12, 2026

_____
UNITED STATES DISTRICT JUDGE

3